Alan R. Ackerman, Esquire (AA9730)
LAW OFFICES OF ALAN R. ACKERMAN
1719 Route 10 East, Suite 106
Parsippany, NJ 07054
(973) 898-1177
araesq@alanackermanlaw.com

John P. Fuller, Esquire, *pro hac vice pending*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
jpf@fullerfuller.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | | |
|---|---|---|
| THE INDEPENDENCE PROJECT, INC., a New Jersey Non Profit Corporation, and RONALD MOORE, Individually, | : : : : | |
| Plaintiffs, | : | Case No. |
| vs. | : : | |
| CT TR HOLDINGS LLC, a New Jersey Limited Liability Company; DT TR HOLDINGS LLC, a New Jersey Limited Liability Company; CT95-CT07 TR HOLDINGS LLC, a New Jersey Limited Liability Company; and DT95-DT07 TR HOLDINGS LLC, a New Jersey Limited Liability Company, | : : : : : : : : | |
| Defendant(s). | : : / | |

## COMPLAINT

Plaintiffs, THE INDEPENDENCE PROJECT, INC., a New Jersey Non Profit

Corporation, and RONALD MOORE, Individually, on their behalf and on behalf of all other

mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff" or

"Plaintiffs"), hereby sue the Defendants, CT TR HOLDINGS LLC, a New Jersey Limited Liability Company; DT TR HOLDINGS LLC, a New Jersey Limited Liability Company; CT95-CT07 TR HOLDINGS LLC, a New Jersey Limited Liability Company; and DT95-DT07 TR HOLDINGS LLC, a New Jersey Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the New Jersey Law Against Discrimination (N.J.S.A.).

### COUNT I
### VIOLATION OF TITLE III OF THE
### AMERICANS WITH DISABILITIES ACT, 42 USC § 12181, *et seq.*

1.   Plaintiff, Ronald Moore, is an individual residing at 1002 Central Ave., New Providence, NJ 07974, in the County of Union.

2.   Plaintiff, THE INDEPENDENCE PROJECT, INC., is a nonprofit corporation formed under the laws of the State of New Jersey.  THE INDEPENDENCE PROJECT, INC. maintains its principal office at 1002 Central Ave., New Providence, NJ 07974, in the County of Union.

3.   Defendants,   CT TR HOLDINGS LLC, a New Jersey Limited Liability Company; DT TR HOLDINGS LLC, a New Jersey Limited Liability Company; CT95-CT07 TR HOLDINGS LLC, a New Jersey Limited Liability Company; and DT95-DT07 TR HOLDINGS LLC, a New Jersey Limited Liability Company, holds title to the subject property alleged by the Plaintiffs to be operating in violation of Title III of the ADA.

4.   Defendants' property, Days Hotel Toms River, is located at 290 Route 37, Toms River, NJ 08753, in the County of Ocean.

5.   Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs.  The Defendants' property is located in and does business within this judicial district.

6.   Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

7.   Plaintiff, Ronald Moore is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a quadriplegic.  Ronald Moore stayed at the subject hotel on January 2, 2019, and has confirmed reservations to return to the property as a hotel guest on September 21, 2019, to avail himself of the goods and services offered to the public at the property, if the property is made accessible for his use.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety.  The Plaintiff is also a member of the Plaintiff organization, THE INDEPENDENCE PROJECT, INC., discussed below in paragraph 8.

8.   Plaintiff THE INDEPENDENCE PROJECT, INC., is a nonprofit New Jersey corporation.  Members of this organization include individuals with disabilities as defined by the ADA.  The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

9.   THE INDEPENDENCE PROJECT, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendants discrimination

3

until the Defendants are compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. THE INDEPENDENCE PROJECT, INC. has also been discriminated against because of its association with its disabled members and their claims.

10. Defendants own, lease, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or leases to is known as Days Hotel Toms River, and is located at 290 Highway 37 East, Toms River, NJ 08753.

11. THE INDEPENDENCE PROJECT, INC. and Ronald Moore have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 13 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Ronald Moore desires to visit Days Hotel Toms River not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12. The Defendants have discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

13. The Defendants have discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, <u>inter alia</u>, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Days Hotel Toms River has shown that violations exist. These violations that Ronald Moore personally encountered or observed include, but are not limited to:

**Parking and Exterior Accessible Route**

a) Days Inn Hotel fails to provide a safe accessible route for those in wheelchairs at the Passenger Loading Zone, violating Section 503 of the 2010 Accessibility Standards. Mr. Moore was unable to unload freely and safely from his vehicle to check-in.

b) The exterior accessible route throughout Days Inn Hotel is impeded by slopes beyond limits and abrupt changes of level along the route, violating Section 402 of the 2010 Accessibility Standards. Mr. Moore was impeded by cross slopes beyond limits along the exterior accessible route at Days Inn.

c) Plaintiff, Ronald Moore as a guest of the hotel was effected by a lack of compliant access aisles to unload from his vehicle and an accessible route to compliant curb ramps is not provided, violating Sections 402 and 502 of the 2010 Accessibility Standards. Access aisles are not provided for all spaces at the rear of the hotel. A lack of access aisles limits the area for Mr. Moore to unload from his van.

d) Curb ramps throughout the hotel are a hazard to Mr. Moore and are not provided in all areas, violating Section 406 of the 2010 Accessibility Standards. Improper curb ramps that contain cross slopes are a hazard for Mr. Moore.

e) Days Inn Hotel fails to provide an accessible route to the adjacent sidewalk or dining parcel, violating Section 206.2.1 of the 2010 Accessibility Standards. Mr. Moore could only leave the hotel by car due to the lack of route to the sidewalk. While traveling to the adjacent Diner Mr. Moore was forced to travel in the vehicular way.

**Access to Goods and Services**

f) Lowered counters for accessible use at check-in at Days Inn Hotel fail to provide equivalent facilitation, violating Section 904 of the 2010 Accessibility Standards. Mr. Moore was impeded by a lack of reach range while accessing the desk. The lowered area was covered by goods that limited its use.

g) Days Inn Hotel fails to provide desks with adequate knee clearance, violating Section 306 of the 2010 Accessibility Standards.  Mr. Moore was unable to comfortably approach.

h) Phones and other elements throughout Days Inn Hotel are mounted beyond the reach of Mr. Moore, violating Section 308 of the 2010 Accessibility Standards.

i) The accessible route is impeded by slopes, abrupt changes of level, steps and an accessible route is not provided throughout the Hotel, violating Section 402 of the 2010 Accessibility Standards.  Mr. Moore was unable to travel unimpeded throughout the hotel including access to the pool area.

j) The pool area and dining area located at the hotel lacks accessibility including a lack of accessible tables, violating 2010 Accessibility Standards.  Mr. Moore was unable to dine comfortably due to a lack of accessible seating.

### Hotel Guestrooms and Restrooms

k) Mr. Moore was a Hotel Guest at Days Inn Hotel. Accessible guestroom 101 provided lacked all essential accessible elements, violating Section 224 of the 2010 Accessibility Standards.

l) Mr. Moore was impeded by a lack of latch side clearance to exit his accessible guestroom, violating Section 404 of the 2010 Accessibility Standards.

m) Days Inn Hotel provides improper hardware and other essential elements lack accessibility in the guestrooms, violating the 2010 Accessibility Standards.

n) Restrooms provided in the pool area, lobby and guestrooms are improperly designed and Mr. Moore was unable to use the restroom freely and safely, violating Section 601 of the 2010 Accessibility Standards.  Restrooms provided contain improper water closets, lack adequate maneuvering clearance and provide lavatories that lack knee clearance.

o) Mr. Moore requires a roll-in shower as a hotel guest.  Days Inn Hotel fails to provide an adequate roll-in shower as the shower contains abrupt changes of level and the shower head was mounted out of reach, violating Sections 601 and 608 of the 2010 Accessibility Standards.

### Maintenance

p) The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR 36.211.

14.   All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

15.   The discriminatory violations described in paragraph 13 are not an exclusive list of the Defendants ADA violations.  Plaintiffs require the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants ADA violations, as set forth above.   The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiffs requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

16.   Defendants have discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against the Plaintiffs, and all those similarly

situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17.    Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and Defendants, a remedy in equity is warranted.    Furthermore, the public interest would not be disserved by a permanent injunction.

18.    Plaintiffs have retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19.    Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's

facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20. Notice to Defendants is not required as a result of the Defendants failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendants.

21. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Days Hotel Toms River to make its facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that

9

no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**COUNT II**
**VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION**

22.   Plaintiffs re-allege all prior obligations as if fully set forth herein.  Plaintiffs repeat the allegations contained in all of the proceeding paragraphs.

23.   Defendants' facility is a place of public accommodation as defined by N.J.S.A. 10:5-5, (New Jersey Law Against Discrimination).

24.   New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination on the basis of disability.  This opportunity is recognized and declared to be a civil right.  (See, N.J.S.A. 10:5-4.)

25.   As a result of the aforementioned discrimination, Plaintiff, Ronald Moore has sustained emotional distress, mental anguish and suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Ronald Moore demands judgment for injunctive relief, damages,

attorneys' fees, litigation expenses, including expert fees and costs pursuant to the New Jersey

Law Against Discrimination.

Date: 2-18-2019

Respectfully Submitted,

Alan R. Ackerman, Esquire (AA9730)
LAW OFFICES OF ALAN R. ACKERMAN
1719 Route 10 East
Parsippany, NJ 07054
Ph: (973) 898-1177
Fax: (973) 898-1230
Email: araesq@alanackermanlaw.com


John P. Fuller, Esquire, *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Ph: (305) 891-5199
Fax: (305) 893-9505
Email: jpf@fullerfuller.com

*Counsel for Plaintiffs, Ronald Moore and*
*The Independence Project, Inc.*